**STATE OF MONTANA,**
            **Plaintiff,**                                   **NO. CR 88-31**
    **vs.**                                                    **DECISION**
**Charles William Hudgins,**
            **Defendant.**

On February 21, 1996, it was the judgment of the court that the defendant, Charles William Hudgins is guilty of the crimes of Kidnapping, Sexual Intercourse Without Consent, Felony Assault, and Sexual Assault, all felonies. Defendant shall be imprisoned in the Montana State Prison for a term of forty (40) years, as follows: Ten (10) years on the charge of Kidnapping; Ten (10) years on the charge of Sexual Intercourse Without Consent; Ten (10) years on the charge of Felony Assault; and Ten (10) years on the charge of Sexual Assault, with all the above sentences to run consecutively; Defendant is to receive credit for time already served as a result of the original Information in this matter. Defendant shall be designated a dangerous offender for purposes of parole eligibility; Defendant shall serve a minimum of 25% of his sentence at the Montana State Prison before he is eligible for parole; Defendant shall successfully complete Phase II of the Sexual Offender Program at the Montana State Prison and all other related therapy as recommended in prison prior to eligibility for parole;

Defendant shall register as a sexual offender under Title 46, Chapter 23, Part 5, MCA, the Sexual or Violent Offender Registration Act. Defendant has agreed to comply with the requirements of Title 46, Chapter 23, Part 5, MCA, and has signed the Notice of Sexual or Violent Offender Registration Requirements filed in this Court. Defendant shall pay an amount of $3,000 as restitution to date, for the following: a. reimbursement to the victim for any out-of-pocket counseling or other medical expenses directly related to these crimes, not already reimbursed by the Crime Control Board's victim compensation program or by other form of reimbursement, such as insurance; and b. reimbursement of the Crime Control Board's victim compensation program's payment for counseling or other medical expenses of the victim. If the victim incurs additional counseling or medical expenses arising from these crimes, she may petition the Court for additional restitution by submitting an affidavit and invoice. Defendant may request a hearing if the amount is disputed.

On May 24, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 24th day of May, 1996.

DATED this 4th day of June, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Charles William Hudgins for representing himself in this matter.